[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY
This is an action commenced on April 8, 1991 by a professional corporation of lung physicians against a former associate who served as an officer, director and shareholder, alleging wrongful conduct, including inter alia, division of patients and patients' data interference with prospective associates, and removal of equipment. Defendant has numerous special defenses attacking his employment and stock retirement agreements with plaintiff, and a counterclaim seeking damages arising out of transactions involving Advanced Pulmonary Technologies, Inc. ("APT") an unrelated company.
Defendant moves to disqualify plaintiff's counsel, Sorokin, Sorokin, Gross, Hyde and Williams on the grounds that (1) the firm previously represented the plaintiff corporation when defendant was an officer and stockholder of the corporation (2) defendant was a former client of counsel and (3) that certain lawyers of the firm may be called as witnesses in the present action.
In an earlier unrelated action commenced on October 20, 1987 in which the plaintiff corporation was sued by Dr. Lindenberg, a former associate, the Sorokin firm entered an CT Page 8772 appearance for the defendant corporation and also for Dr. Gluck, who was a named defendant in that case. The Lindenberg litigation included extensive discovery and a two-day deposition of Dr. Gluck and was terminated by settlement in January, 1991.
Plaintiff concedes that there was an attorney-client relationship between the Sorokin firm and Dr. Gluck in the Lindenberg case, but claims it was not a matter "substantially related" to the present case within the meaning of Rule 1.9(a) of the Rules of Professional Conduct or the four-prong test for conflicts of interest set forth in Goldenberg v. Corporate Air, Inc., 189 Conn. 504 (1983).
Defendant asserts that a central claim of defendant corporation in the Lindenberg case was that Dr. Gluck's work for the APT benefitted [benefited] the corporation whereas Dr. Lindenberg had made no similar contribution. This point was conceded by Attorney Robinson of the Sorokin firm in his deposition taken September 6, 1991. There is a substantial question in the present litigation whether certain monies received by APT through Dr. Gluck's efforts should inure to the benefit of plaintiff corporation. It is not contested that the basic employment and stock retirement agreements attacked in the special defense were drafted by another partner in the Sorokin firm.
It may well be that the prior representation of Dr. Gluck in the Lindenberg case was ancillary to the representation of the plaintiff corporation but it is easy to understand Dr. Gluck's present discomfiture in having the same firm who represented him in that case — a case that involved some of the issues in this case and which was not terminated until after this case was commenced — now representing the adversary corporation in this case.
We conclude that since the two cases are substantially related, the Sorokin firm is unable to represent the plaintiff corporation in the present case.
Motion to disqualify is granted.
WAGNER, J.